HALL, Judge.
This action was brought by Dr. Martin O. Miller and others to recover for the damages sustained by them in an automobile collision wherein Dr. Miller’s automobile was rear-ended by a 1963 Oldsmobile operated by Herman J. Orgeron. The original defendants were Herman J. Orge-ron, Offshore Water Taxi Inc., and Reserve Insurance Company. Offshore Water Taxi Inc. was alleged by plaintiffs to be the employer of Orgeron and the owner of the 1963 Oldsmobile driven by him. Reserve Insurance Company was alleged to *815 be the public liability insurer of a vehicle belonging to Offshore Water Taxi Inc. and Orgeron was alleged to have been using the 1963 Oldsmobile at the time of the accident as a substitute automobile for the vehicle (a 1964 Cadillac) covered by the Reserve Insurance Company’s policy.
Plaintiffs’ suit as to Reserve Insurance Company was dismissed by a summary judgment rendered by the Trial Judge on a holding that Reserve’s policy excluded coverage of the 1963 Oldsmobile involved in the accident.
Thereafter the remaining defendants, Orgeron and Offshore Water Taxi Inc., filed an answer to plaintiffs’ suit and coupled with it a third party demand against Greenwood Insurance Agency, Mrs. Pat Greenwood, owner of the agency, and Reserve Insurance Company. By summary judgment the third party demand was dismissed as to Reserve Insurance Company.
The case then went to trial on the merits which resulted in a judgment in favor of plaintiffs against Orgeron and Offshore Water Taxi Inc. for the damages sustained by them in the accident, and in a further judgment dismissing Orgeron’s and Offshore’s third party demand against Mrs. Pat Greenwood and Greenwood Insurance' Agency.
The only matter before us is an appeal by Orgeron and Offshore from that portion of the judgment which dismissed their third party demand against Mrs. Pat Greenwood and Greenwood Insurance Agency. All other judgments and portions of judgments rendered in the case have now become final.
In their third party demand Orgeron and Offshore Water Taxi Inc. alleged that Greenwood Insurance Agency through its owner, Mrs. Pat Greenwood, had agreed and undertaken to procure an insurance policy for them which would cover the third party liability exposures of Orgeron, of Orgeron’s wife, and Offshore Water Taxi Inc. with respect to the operation of automobiles owned by Offshore Water Taxi Inc., including the 1963 Oldsmobile involved in the accident; that subsequently a policy was issued by Reserve Insurance Company through the Greenwood Insurance Agency which should have covered the 1963 Oldsmobile involved in the accident and that in the event it did not and in the event third party plaintiffs were cast in the main demand they should have judgment over against Mrs. Greenwood and Greenwood Insurance Agency for the amount of any judgment rendered against them.
Since it has previously been determined by judgments rendered in these proceedings (which are unappealed and are now final) that the policy of insurance procured by Greenwood Insurance Agency from Reserve Insurance Company did not cover the 1963 Oldsmobile involved in the accident, the sole question before us is whether Mrs. Greenwood had contracted to procure a policy which would cover that automobile.
Third party plaintiffs contend that Mrs. Pat Greenwood of the Greenwood Insurance Agency knew of Orgeron’s insurance exposures and undertook to cover them and knew of the existence of the 1963 Oldsmobile which was involved in the accident and agreed to insure it. For proof of this contention they depend upon the testimony of Orgeron and the fact, as contended by them, that Mrs. Greenwood actually attempted to cover the 1963 Oldsmobile by a Family Automobile Coverage endorsement which by reference was made a part of the policy procured by her, albeit the attempt was unsuccessful, the Trial Court having held that it did not cover this automobile.
Mr. Orgeron testified at length but did not testify that he ever asked Mrs. Greenwood to procure coverage for the 1963 Oldsmobile. The most material part of his testimony concerns a visit he says Mrs. *816 Greenwood paid to his home in Gretna. He testified that sometime during the first six months of 1964 Mrs. Greenwood came to his home to discuss insurance matters; that both the 1964 Cadillac and the 1963 Oldsmobile were parked in his driveway at the time; that Mrs. Greenwood noticed both cars and assured him that both cars would be covered under the policy she was going to procure for him. He testified that his wife, from whom he was later divorced, was present and overheard the conversation.
The testimony of Orgeron’s former wife (now Mrs. Beatrice Birch Owen) was taken by deposition. In her deposition Mrs. Owen testified that she resided with Mr. Orgeron in Gretna. She denied that she ever saw Mrs. Pat Greenwood or that she ever met her. She had no idea what Mrs. Greenwood looked like and did not recall any lady ever coming to the home and discussing business with her husband and particularly did not recall any conversation relative to insurance coverage on the automobiles.
Mrs. Pat Greenwood denied that she had ever been to Orgeron’s home in Gretna. She further denied ever having had any knowledge of the 1963 Oldsmobile until Mr. Orgeron called her after the occurrence of the accident. It is significant in this respect that Mr. Orgeron admitted that following the accident he also called the Cutrone Insurance Agency in Morgan City which had at one time insured this automobile. He apparently did not know who, if anyone, had insured the automobile involved in the accident.
It is abundantly clear from the record that Mr. Orgeron was quite careless about his insurance coverages. He never knew of cancellations or renewals. He was careless and tardy in attending to premiums. He dealt with several agents in connection with his insurance through whom he covered automobiles, homes and several boats. He never read his policies stating that he was too busy getting business and relied entirely upon others.
Third party plaintiffs place their greatest reliance upon the fact that the policy on the 1964 Cadillac which Mrs. Greenwood procured for Orgeron from Reserve Insurance Company contained a Family Automobile Coverage endorsement. They contend that the fact the policy contained this endorsement shows that Mrs. Greenwood had attempted to cover the operation by Orgeron and his wife of the 1963 Oldsmobile which Orgeron had testified was his own personal automobile.
In view of the testimony of Mrs. Greenwood and Mrs. Helen Ketchum we do not find it necessary to discuss the functions or effect of this endorsement.
Mrs. Greenwood testified that she ordered the policy from Godchaux & Mayer surplus underwriters. She denied ordering the particular endorsement in question and denied ever having intended to cover the 1963 Oldsmobile whose very existence was unknown to her.
Mrs. Helen Ketchum testified that she was employed by G & M Surplus Lines Inc. (Godchaux & Mayer Surplus underwriters) insurance brokers; that she received the order from Mrs. Pat Greenwood for the automobile insurance of Mr. Orge-ron ; that the order was for coverage of the 1964 Cadillac and contained no mention of the 1963 Oldsmobile which was involved in the accident; that a Family Automobile Coverage endorsement was not ordered by Mrs. Greenwood. Mrs. Ketchum further testified tha she herself did not order the particular endorsement; that the endorsement was sent to her by the local underwriters of Reserve Insurance Company and that she simply signed it and attached it to the policy. Her explanation was that some clerk in Reserve’s local underwriters’ office apparently made a mistake in sending her a Family Automobile Coverage endorsement which had not been ordered instead of sending an Uninsured Motorist *817 endorsement which had been ordered and paid for but which was not placed on the policy. Mrs. Ketchum’s testimony is binding upon third party plaintiffs since she was their witness.
This appeal involves a question of fact only. The Trial Judge saw and heard the witnesses and evidently believed the testimony of Mrs. Greenwood, Mrs. Ketch-urn and the former Mrs. Orgeron. We find no manifest error, nor in fact any error, in his dismissal of the third party petition.
For the foregoing reasons that part of the judgment appealed from is affirmed; costs of this appeal to be borne by appellants.
Affirmed.